UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| LTC RICHARD A. VARGUS, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-924 (GK) |
| JOHN M. MCHUGH, SEC'Y OF THE ARMY, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Plaintiff Lieutenant Colonel Richard A. Vargus ("Plaintiff" or "LTC Vargus") brings this action against Defendant Secretary of the Army John M. McHugh ("Defendant" or "the Government") to challenge decisions of the Army Board for Correction of Military Records ("ABCMR" or "the Army Correction Board") as arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable law or regulation under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.

This matter is presently before the Court on Plaintiff's Motion to Compel Production of the Administrative Record [Dkt. No. 10]. Upon consideration of the Motion, Opposition ("Gov't's Opp'n") [Dkt. No. 12], and Reply [Dkt. No. 16], the entire record herein, and for the reasons stated below, Plaintiff's Motion to Compel Production of the Administrative Record is **granted**.

## I. BACKGROUND

On May 30, 2014, Plaintiff filed his Complaint seeking review under the APA, 5 U.S.C. § 706, of two decisions by the Army Board for Correction of Military Records. The Army Correction Board first denied the relief Plaintiff sought on February 24, 2009, and denied his request for reconsideration on September 24, 2009.

The precise factual details of Plaintiff's claims before the Army Correction Board are complex, but the essential thrust is that the United States Army failed to properly classify LTC Vargus's area of specialization. That improper classification, according to LTC Vargus, deprived him of the opportunity for promotion to the rank of colonel.

On October 30, 2014, the Government filed a Motion to Dismiss ("Gov't's Mot. to Dismiss"), contending that this Court lacks jurisdiction to hear Plaintiff's challenge, see Fed. R. Civ. P. 12(b)(1), and that Plaintiff has failed to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6). The Government contends, among other things, that Plaintiff's request for reclassification presents a non-justiciable political question, that Plaintiff failed to exhaust available administrative remedies, that Plaintiff's claim is moot, and that Plaintiff is not entitled to the particular relief he has requested. In support of its Motion to Dismiss, the Government attached several exhibits,

many of which were drawn from or rely on the Administrative Record underlying the ABCMR's proceedings.

On November 17, 2014, Plaintiff filed a Consent Motion for an Extension of Time to File an Opposition to Defendant's Motion to Dismiss [Dkt. No. 8], which the Court granted the next day.

On December 12, 2014, Plaintiff filed his Second Consent Motion to Extend Time to File [Dkt. No. 9]. In this Second Consent Motion, Plaintiff stated that "a dispute ha[d] arisen over the time to produce and file the [A]dministrative [R]ecord." Accordingly, Plaintiff would "shortly file a motion to compel production of the [A]dministrative [R]ecord[,]" which Defendant would oppose. Id. Plaintiff suggested that "the Court hold [Plaintiff's Opposition] to [Defendant's] Motion to Dismiss in abeyance until 30 days after the administrative record is filed, if the Court so rules." Id. A copy of the Second Consent Motion was served upon counsel for Defendant. Id.

The Second Consent Motion (as its title suggests) was made with Defendant's consent, and the Government did not indicate any objection to Plaintiff's proposal. Accordingly, the Court granted the Motion by Minute Order on December 15, 2015. By that Order, the Court held in abeyance Plaintiff's obligation to file his Opposition to Defendant's Motion to Dismiss "until 30 days after the Administrative Record is filed," in the event the Court orders

its production. Defendant has never asked this Court to reconsider its Order regarding the briefing schedule for the Motion to Dismiss.

On December 31, 2014, Plaintiff filed his Motion to Compel Production of the Administrative Record which is presently before the Court. Following requests for extensions of time to file from both Parties, the Government filed its Opposition on February 3, 2015, and Plaintiff filed his Reply on March 12, 2015.

**II. STANDARD OF REVIEW**

The Administrative Procedure Act requires reviewing courts to "set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706. In doing so, the APA requires courts to "review the whole record or those parts of it cited by a party[.]" Id.

Some matters, like "interpreting the extent to which [a] regulation is consistent with [a] statute[,]" may be "resolved with nothing more than the statute and its legislative history." Am. Bankers Ass'n v. Nat'l Credit Union Admin., 271 F.3d 262, 266 (D.C. Cir. 2001). Often, jurisdictional questions may be decided

without recourse to the record. See Swedish American Hosp. v. Sebelius, 691 F. Supp. 2d 80, 85 (D.C.C. 2010).[1]

However, when courts must determine whether the "adjudicatory process was reasonable and whether the decision was consistent with Congressional intent[,]" they must look to the administrative record. Swedish American, 691 F. Supp. 2d at 89. When recourse to the record is necessary, a court "should have before it neither more nor less information than did the agency when it made its decision." See Boswell Memorial Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984). "To review less than the full administrative record might allow a party to withhold evidence unfavorable to its case and so the APA requires review of 'the whole record.'" Id.

## III. ANALYSIS

The Government argues that the Court should deny Plaintiff's Motion to Compel Production of the Administrative Record because resolution of its Motion to Dismiss does not require inquiry into the full Record. In the Government's words,

> the administrative record is not needed to decide whether the Court may direct an officer's assignment to a particular position in the Army; whether Plaintiff has exhausted his administrative remedies; whether Plaintiff's claims are moot because the requested amendments to his Official Military Personnel Record ("OMPF") have been made; or whether

---

[1] Of course, the Court may always look beyond the pleadings to determine whether it has subject matter jurisdiction. Jerome Stevens Pharm., Inc. v. Food & Drug Admin., 402 F.3d 1249, 1253-54 (D.C. Cir. 2005).

> Plaintiff states a claim for inclusion of civilian records in his OMPF.

Gov't's Opp'n at 2 (internal citations omitted).

In order to advance these particular arguments in its Motion to Dismiss, however, the Government itself relies on "a miscellany of documents, many of which might properly appear in an administrative record." Boswell Mem'l Hosp., 749 F.2d at 792. For instance, the Government relies on two affidavits to support its argument that Plaintiff's claim is moot because all ABCMR-ordered changes to LTC Vargus's record have been implemented. See Gov't's Mot. to Dismiss at 15 (citing [Dkt. Nos. 7-5, 7-6]). Whether such changes have occurred can only be assessed with reference to the Record itself.

The Government goes on to cite affidavits for the proposition that it does not possess and cannot alter LTC Vargus's National Guard records and that an explanation for the absence of various documents has been placed into Plaintiff's personnel file. See Gov't's Mot. to Dismiss at 16, 18. The Government contends that these facts demonstrate that Plaintiff has failed to state a claim upon which relief can be granted. Whether or not these points are dispositive of Plaintiff's claims, the Court cannot fully evaluate them without the Administrative Record.

Finally, the Government argues that Plaintiff failed to request particular relief from the ABCMR and has therefore failed to exhaust his administrative remedies. Gov't's Mot. to Dismiss at 7. Again, the whether the Government is correct is a question best answered by the Administrative Record.

Our Court of Appeals has made clear that "[f]or review to go forward on a partial record, [the Court] would have to be convinced that the selection of particular portions of the record was the result of mutual agreement between the parties after both sides had fully reviewed the complete record. In that situation, [the Court] might naturally assume that the omitted portions did not materially affect either party's case and, for [the Court's] own convenience, review the case on that portion of the record cited by the parties." Boswell Mem'l Hosp., 749 F.2d at 793. However, where one party might be unaware of some parts of the record, failure to produce the Record in its entirety would produce "asymmetry in information [that] undermines the reliability of a court's review upon those portions of the record cited by one party or the other." Id. (remanding case to the District Court for reconsideration with the benefit of the entire record).

The arguments Defendant raises in its Motion to Dismiss rely, at least in part, upon the Administrative Record. Accordingly, the Government must produce the Record in order to allow Plaintiff to

-7-

rely upon it as well as to enable the Court to evaluate the strength of both Parties' arguments.

The Government responds that because a court "may consider documents outside the pleadings to assure itself that it has jurisdiction[,]" Al-Owahali v. Ashcroft, 279 F. Supp. 2d 13, 21 (D.D.C. 2003), the documents it cites are attached merely to demonstrate that this Court lacks jurisdiction to hear Plaintiff's claims. Moreover, as the Government notes, "Courts are <u>not required</u> to consider the administrative record pertaining to a challenged action when deciding whether [they] ha[ve] subject matter jurisdiction." Fund for Animals v. Williams, 391 F. Supp. 2d 132, 135 n.3 (D.D.C. 2005) (emphasis added) (noting also that courts <u>may</u> consider materials outside the pleadings).

The Government's Motion to Dismiss, however, raises both jurisdictional questions under Fed. R. Civ. P. 12(b)(1) and the merits under Fed. R. Civ. P. 12(b)(6). Defendant may very well prevail on one of the jurisdictional arguments in its Motion, which this Court must resolve before considering the merits. Swedish American, 691 F. Supp. 2d at 85 (citing United States ex rel. Settlemire v. District of Columbia, 198 F.3d 913, 920 (D.C. Cir. 1999)). However, this Court cannot, at this stage, determine the Government's likelihood of success.

The Government consented (or at the very least failed to object) to a briefing schedule that postponed filing of Plaintiff's Opposition until after resolution of Plaintiff's Motion to Compel. Without full briefing, the Court lacks sufficient evidence to assess the strength of the Government's arguments that do not rely on the Administrative Record.[2]

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Production of the Administrative Record is **granted.** An Order shall accompany this Memorandum Opinion.

April 9, 2015

*/s/ Gladys Kessler*
Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF

---

[2] In Swedish American, 691 F. Supp. 2d 80, the Court confronted a situation similar to the case at hand, and now each party claims that the case supports its position. In Swedish American, the Court simultaneously granted a motion to compel production of the administrative record and dismissed several claims for lack of jurisdiction. Id. at 85, 87. Despite the Government's objections, the Court held that the record was necessary to decide whether claims brought under the APA should be dismissed. Id. at 87. The Court was able to dismiss some claims on jurisdictional grounds because it had the benefit of full briefing on the motion to dismiss. Id. Rather than requesting a stay of briefing, the Swedish American plaintiff had gone ahead and filed an opposition to the defendant's 12(b) motion without waiting for the Court to rule on the motion to compel production. Id. at 88 n.6. Like the Swedish American Court, this Court cannot reach the merits of Defendant's Motion to Dismiss without the Administrative Record, but unlike Swedish American, this Court cannot even reach Defendant's jurisdictional arguments because it lacks full briefing.